UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAROLD ANTHONY ROSS, SR., | : |
| Plaintiff, | : Civ. No. 23-3122 (KM/CLW) |
| v. | : **OPINION** |
| ESSEX COUNTY COURT, et al., | : |
| Defendants. | : |

**KEVIN MCNULTY, U.S.D.J.**

Harold Anthony Ross, Sr., has filed a civil complaint naming as defendants six state court judges and an attorney. (Cplt., DE 1) The case was recently reassigned to me. (DE 3) By order filed July 28, 2023 (DE 4), I granted *in forma pauperis* ("IFP") status, relieving Mr. Ross of the obligation to pay the filing fee. I am therefore obligated to screen the allegations of the complaint to determine whether it:

    (i) is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). That screening provision applies to the complaints of all individuals who are proceeding *in forma pauperis*. *See, e.g., Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)").

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A complaint must contain

"a short and plain statement" both "of the grounds for the court's jurisdiction" and of "the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a).

The court will be more forgiving of complaints filed *pro se* and will construe their allegations liberally. *Haines v. Kerner*, 404 U.S. 219 (1972). *Pro se* complaints are nonetheless bound to the "essential obligation" of facial plausibility. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019); *see also Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (noting that a pro se complaint is "construed liberally 'to raise the strongest arguments [it] suggest[s]," but must still "state a plausible claim for relief" (citations omitted)).

### A.   The Complaint

The complaint invokes this Court's federal-question jurisdiction. Its four counts all allege that defendants acted "under color of law," suggesting that a claim under 42 U.S.C. § 1983 may have been intended.

The named defendants are the following:

Hon. Sheila Venable
Hon. Arthur J. Batista
Hon Richard T. Sules
Hon. Jodi L. Rosenberg
Hon. Sharifa R. Salaam
Hon. Louise G. Spencer
Barbara Feinberg, Esq.

The first six are judges of the Superior Court of New Jersey, Essex County, sitting in Newark. The seventh is an attorney.

The location of the events in suit is alleged to be the Superior Court of New Jersey, Essex County. The events are alleged to have occurred on various dates from April 7, 2021, through February 16, 2023. (Cplt. III.A, III.B)

Count I cites "Judicial Notice" under the Rule 201 of the federal and state rules of evidence. Count II states that defendants "willfully subject plaintiff to libelous products, parental alienation, other torts and injuries." Count III alleges that defendants "willfully conceived, produced, published, orders for the continuation, exacerbation, and enforcement, of illegal

deprivations, torts, and injuries. Count IV alleges that defendants, "in the absence of locus standi, willfully neglected statutory law, precedent, breach of contract, criminal and ethical violations." (Cplt. III.C)

The complaint lists 23 forms of injury, including various forms of interference with parental rights, homelessness, damage to the plaintiff's military career, and financial losses. (Cplt. IV) It seeks the following relief:

> (1) General Damages Award of $1M (2) Special Damages Award of $750k (Punitive Damages Award of $2.5M. Additionally I seek an Order for: (1) 24 months exclusive Father-Son Reunification Counseling & Activities to paid by the Superior Court of Essex County and selected exclusively by plaintiff (2) Full revocation & expungement of all Restraining Orders and charges of domestic violence and spousal abuse. (3) Full revocation of the Judgement of Divorce by Default dated January 2023.

(Cplt. V)

### B. Discussion

The complaint, at least as currently drafted, fails to state a claim on which relief can be granted.

The initial, most obvious problem is that the complaint fails to state any facts whatever. Although it lists seven defendants, it fails to state what any of them did. It speaks solely in terms of legal conclusions without actually describing any allegedly wrongful action. It fails to describe any particular ruling or state why it was erroneous. And even if such rulings were erroneous, it fails to state in what respect they violated *federal* law; rather, the complaint speaks almost entirely in terms of state-law "torts and injuries." Because these are pleading deficiencies that could be remedied by amendment, I will dismiss the complaint without prejudice.

For the plaintiff's guidance, I will quote the helpful advice of another federal judge in dismissing, on screening, a prior complaint brought by this plaintiff. Any amended complaint must contain a "description of all relevant events, including what *each defendant did or failed to do,* [and] the approximate date and time of each event." *Ross v. Dep't of the Army, US Army Rsrv.*, No. 21-

CV-6239 (LTS), 2021 WL 4804100, at *4–5 (S.D.N.Y. Oct. 12, 2021) (Swain, J.) (emphasis added).

For further guidance, I highlight other problems that might arise even if the plaintiff amends his complaint to describe the relevant events.

The complaint—although this is not entirely clear—seems to be directed solely at contesting prior rulings made by state court judges. Reading between the lines, I could infer that the defendant is dissatisfied with various judicial rulings in connection with domestic abuse, child custody, and divorce. Even if expressed clearly, such claims face formidable obstacles. A major one is judicial immunity. *See Stump v. Sparkman,* 435 U.S. 349 (1978). The remedy for an erroneous state court ruling is not to sue the judge; it is to appeal within the state court system. Absent some violation of federal law, the federal courts do not sit to review errors in state court proceedings.

## CONCLUSION

On initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B), I find that the complaint is frivolous and fails to state a claim on which relief can be granted. It is therefore dismissed. This dismissal is without prejudice to the submission, within 30 days, of a proposed amended complaint.

Dated: July 31, 2023

/s/ Kevin McNulty
_____
Kevin McNulty
United States District Judge