NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| HAROLD ANTHONY ROSS, SR., | |
| Plaintiff, | |
| v. | No. 23cv3122 (EP) (CLW) |
| ESSEX COUNTY COURT, et al., | **OPINION** |
| Defendants. | |

**PADIN, District Judge.**

Pro se Plaintiff Harold Anthony Ross, Sr., alleges various civil rights violations against state court judges and an attorney involved in state family court proceedings. For the reasons below, the Court will **DISMISS** the action *with prejudice*.

**I.   BACKGROUND**

In his initial complaint, Plaintiff named as Defendants eight state court judges and an attorney.[1]  D.E. 1 ("Complaint" or "Compl."). Judge McNulty granted Plaintiff's *in forma pauperis* ("IFP") application but, upon screening, dismissed that Complaint without prejudice. D.E.s 6 (the "Opinion" or "Op."), 7.[2] As relevant here, the Opinion noted the Complaint's "23 forms of injury, including various forms of interference with parental rights, homelessness, damage to the plaintiff's military career, and financial losses." Op. at 3 (citing Compl. ¶ IV). But the Opinion found dismissal warranted because Plaintiff "fail[ed] to state any facts" or "state what any [defendant] did." *Id.*

---

[1] Judges Sheila Venable, David Katz, Arthur Batista, Richard Sules, Jodi Rosenberg, Sharifa Salaam, and Louise Spencer (the "Judicial Defendants"), and Attorney Barbara Feinberg. *See* Compl. at 1, 3.
[2] This matter was reassigned to the undersigned after Judge McNulty's retirement. D.E. 11.

In dismissing the Complaint without prejudice and with leave to amend, Judge McNulty noted that the Complaint seemed "to be directed solely at contesting prior rulings made by state court judges . . . in connection with domestic abuse, child custody, and divorce" proceedings. *Id.* at 4. Thus, any amendment would face "formidable obstacles," including judicial immunity. *Id.* (citing *Stump v. Sparkman*, 435 U.S. 349 (1978)) ("The remedy for an erroneous state court ruling is not to sue the judge; it is to appeal within the state court system.").

After dismissal, Plaintiff filed an Amended Complaint, D.E. 9, and then a subsequent "First Amended Complaint." D.E. 10. The Court considers the latter as the operative pleading[3] and, upon screening, dismisses it for the same reasons stated by Judge McNulty—this time, however, with prejudice. *Id.* ("FAC").

The FAC confirms what Judge McNulty suspected: that Plaintiff's allegations relate entirely to judicial proceedings relating to Plaintiff and his wife. *See*, *e.g.*, FAC at 1 (citing FV-07-3553-19[4]). Thus, the constitutional violations alleged by Plaintiff against Defendants relate entirely to their judicial roles or, in the case of Feinberg, in her role as counsel for Plaintiff's wife.

## II.   ANALYSIS

Judges exercising their judicial functions are entitled to absolute immunity, including for suits brought under § 1983. *Butz v. Economou*, 438 U.S. 478, 508 (1978) (citing *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)); *Stump*, 435 U.S. at 356. A judge individually is absolutely immune

---

[3] An amended complaint supersedes the prior pleading. *See Shahid v. Borough of Darby*, 66 F. App'x 221, 223 n.2 (3d Cir. 2016) (per curiam); *see also Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading.") (cleaned up); *Argentina v. Gillette*, 778 F. App'x 173, 175 n.3 (3d Cir. 2019) (per curiam) (holding that "liberal construction of a pro se amended complaint does not mean accumulating allegations from superseded pleadings").

[4] Because Plaintiff names state court judges as Defendants, the Court presumes this, and the other docket numbers cited, to refer to state court docket numbers.

from suit as long as: (1) the judge has jurisdiction over the subject matter before her; and 2) the judge is performing a "judicial act." *Id.* This immunity extends to those exercising quasi-judicial functions. *Malham v. Platkin*, No. 22-6353, 2023 U.S. Dist. LEXIS 212025, at *19 (D.N.J. Nov. 29, 2023); *Holder v. DCF*, No. 12-74, 2016 U.S. Dist. LEXIS 17094, *3 (D.N.J. Feb. 11, 2016) ("[C]aseworkers, employees, supervisors, and directors, as well as New Jersey Deputies Attorney General and the Attorney General[,] are entitled to absolute immunity where these individuals are performing judicial acts within the jurisdiction of the Superior Court, Family Part.").

It appears that Plaintiff alleges various procedural deficiencies in the various state court proceedings. For example, Plaintiff alleges, among other things: (1) that a hearing held by Judge Salaam despite Plaintiff's absence "[d]ue to circumstances involving his temporary apartment and his chronic medical conditions," FAC at 6; (2) courts' acceptance of allegedly false accusations against Plaintiff, FAC at 7-8; and (3) Judge Salaam's refusal to credit certain medical evidence which would have aided Plaintiff's case or other evidence refuting his wife's allegations against him, FAC at 13-14.[5] These allegations clearly relate to the exercise of the Judicial Defendants' official duties over matters within their jurisdiction. Accordingly, the Judicial Defendants are immune from suit and the claims against them will be dismissed.

The matter must also be dismissed against Feinberg, though for different reasons. Plaintiff's allegations rest upon alleged constitutional violations pursuant to 42 U.S.C. § 1983. But Feinberg—whether retained by or appointed to the role as Plaintiff's wife's counsel—is not a "state actor" for § 1983 purposes. *See Gannaway v. Stroumbakis*, 842 F. App'x 725, 730 (3d Cir. 2021)

---

[5] Plaintiff attaches numerous documents confirming as much, such as: (1) a list of numerous "motions and requests" made in state court, *see* 10-1 at 20-22; and (2) a final restraining order against Plaintiff.

(*per curiam*). Accordingly, all of Plaintiff's claims will be dismissed. Because further amendment would be futile for all claims, this dismissal will be with prejudice.

III.   **CONCLUSION**

For the reasons above, Plaintiff's First Amended Complaint, D.E. 10, will be **DISMISSED with prejudice**. An appropriate Order accompanies this Opinion.

Dated: June 12, 2024

Evelyn Padin, U.S.D.J.

4